1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8 Richard Ruiz Rogel,                    )
                                        )
9         Petitioner,                   )   CIV 12-02731 PHX GMS (MEA)
                                        )
10        v.                            )   REPORT AND RECOMMENDATION
                                        )
11 Charles L. Ryan, et al.,             )
                                        )
12        Respondents.                  )
                                        )
13 _____    )

14 **TO THE HONORABLE G. MURRAY SNOW:**

15        Petitioner, proceeding pro se, filed a petition for

16 writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December

17 27, 2012.  Respondents filed a Limited Answer to Petition for

18 Writ of Habeas Corpus ("Answer") (Doc. 12) on May 28, 2013.

19 Petitioner's reply to the response to the petition was due June

20 26, 2013.

21        **I Procedural History**

22        A Maricopa County grand jury indictment returned March

23 29, 2001, charged Petitioner with three felonies involving the

24 death of his toddler son: (1) first-degree murder, or, in the

25 alternative, second-degree murder (a Class 1 felony and

26 dangerous crime against children); (2) child abuse (a Class 2

27 felony and dangerous crime against children); and (3) child

28 abuse (a Class 4 felony).  See Answer, Exh. A & Exh. F at

171–73.

Petitioner's jury trial began on April 3, 2002.  Id., Exh. F at 161–62; Exh. G at 4.  One of the allegations (Count III) was that Petitioner committed child abuse by biting his son.  On April 11, 2002, the jury acquitted Petitioner of the bite-mark-based child abuse charge, but convicted him of second-degree murder and child abuse.  Id., Exh. T; Exh. U at 3–6; Exh. V at 2.

On June 27, 2002, the trial court held a sentencing hearing.  Id., Exhs. BB–CC.  Citing Petitioner's "prior record for assaultive behavior", the state trial court sentenced him to the maximum aggravated term of 27 years imprisonment for second-degree murder.  Petitioner was sentenced to a concurrent term of 24 years imprisonment pursuant to his conviction on the charge of child abuse as a dangerous crime against children. Id., Exh. BB at 28–30; Exh. CC at 2–3.

Petitioner took a timely direct appeal of his convictions and sentences, in which he raised three claims: (1) violation of the right to due process of law because the trial court admitted allegedly inflammatory photographs; (2) violation of the right to a jury trial based on an allegedly defective jury instruction on reasonable doubt; and (3) that the trial court abused its discretion by failing to instruct the jury on lost evidence (a "Willits" instruction).  Id., Exh. FF. In a memorandum decision issued February 3, 2004, the Arizona Court of Appeals affirmed the convictions and sentences.  Id., Exh. JJ.  Petitioner did not seek review of this decision by the

-2-

Arizona Supreme Court.

On March 26, 2004, and again on May 3, 2004, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rule of Criminal Procedure. _Id._, Exh. HH at 4, Exh. II, Exh. KK. Petitioner was appointed counsel to represent him; counsel averred to the state trial court that she was unable to find a tenable issue on which to challenge Petitioner's convictions and sentences. Although the trial court allowed Petitioner additional time to file a pro se petition for post-conviction relief he failed to do so and, on September 1, 2004, the trial court dismissed Petitioner's Rule 32 proceeding. _Id._, Exh. PP.

In August or September of 2004, Petitioner filed a "Motion for Newly-Discovered Evidence under Rule 32.1(E)" in the Arizona state trial court. Petitioner attached an affidavit to the motion, purporting to contain a signed confession by an individual alleging they had killed Petitioner's son. _Id._, Exh. QQ. The state trial court construed the motion to be a petition for post-conviction relief and ordered the state to file a response to the motion.

On March 14, 2007, after briefing was completed, the trial court agreed with the state that "the authenticity of the purported affidavit attached to the Defendant's petition is certainly questioned". _Id._, Exh. UU. The state trial court, however, dismissed the proceeding on the alternative ground that,

> aside from whether the Defendant's affidavit is authentic, the Defendant has not demonstrated by clear and convincing evidence that the 'facts' underlying his claim of newly discovered evidence would be sufficient to establish that no reasonable fact-finder would have found the Defendant guilty of the crimes for which he has been convicted beyond a reasonable doubt.

Id., Exh. UU.

On May 11, 2007, Petitioner filed what was construed as a petition for review of this decision in the Arizona Court of Appeals. Id., Exh. VV. On May 29, 2007, the Arizona Court of Appeals dismissed the petition for review as untimely, pursuant to Arizona Rule of Criminal Procedure 32.9(c). Id., Exh. WW. Petitioner did not seek review of this decision by the Arizona Supreme Court. Id., Exhs. OOO–PPP.

On November 2, 2007, Petitioner filed another petition for post-conviction relief in the state trial court. Id., Exh. XX. Petitioner argued that the trial court sentenced him in a sentencing range not authorized by state statutes. Petitioner also alleged that he received ineffective assistance of counsel with regard to his sentencing. Id., Exh. XX at 7. On January 11, 2008, the trial court dismissed the proceeding because the petition was untimely and because Arizona law precluded both claims as waived. Id., Exh. YY. On December 9, 2008, the Arizona Court of Appeals summarily dismissed a petition for review of the trial court's denial of relief. Id., Exhs. ZZ–AAA.

More than one year later, on May 27, 2010, Petitioner filed another notice of post-conviction relief in the state

-4-

trial court.  Petitioner alleged he was denied his right to the effective assistance of counsel and that his Miranda rights were violated.  Id., Exh. DDD.  On July 9, 2010, the state trial court dismissed the proceeding as untimely.  Id., Exh. EEE.

On January 17, 2011, Petitioner initiated another state action for post-conviction relief, this time arguing that the trial court's imposition of an aggravated sentence violated his rights under Blakely v. Washington.  Id., Exh. FFF.  On February 11, 2011, the state trial court concluded that Blakely did not apply retroactively to Petitioner's case and dismissed the proceeding.  Id., Exh. GGG.  On December 13, 2012, the Arizona Court of Appeals summarily denied Petitioner's petition for review of the trial court's decision.  Id., Exhs. JJJ & Exh. NNN.

On December 27, 2012, Petitioner filed the pending federal habeas petition.  Petitioner asserts he is entitled to relief because:

1.  He was denied his right to a jury trial on the factors used to support his aggravated sentences.

2.  He was denied his right to the effective assistance of counsel.  Petitioner contends his counsel's performance was deficient because counsel failed to raise a claim of insufficient evidence and the impositions of unlawful sentences.

3.  He was denied his right to the effective assistance of counsel.  Petitioner contends his counsel's performance was deficient because counsel failed to assert Petitioners "right" to a jury instruction on a lesser-included offense.

-5-

Respondents contend the petition is not timely and must be dismissed.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Petitioner's state court conviction became final on March 5, 2004, when the time expired to seek review of the Arizona Court of Appeals' decision in Petitioner's direct appeal affirming the convictions. According, the statute of limitations began to run on March 6, 2004, and expired on March

5, 2005, unless tolled by a properly filed application for state post-conviction relief.  See 28 U.S.C. § 2244(d)(1)(A); Danforth v. Minnesota, 552 U.S. 264, 267, 128 S. Ct. 1029, 1033 (2008); Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Hemmerle v. Schriro, 495 F.3d 1069, 1077-78 (9th Cir. 2007).

The statute of limitations ran from March 6, 2004, until March 26, 2004, when Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rule of Criminal Procedure.  The statute of limitations was then tolled until October 1, 2004, when the time expired to seek review of the trial court's denial of post-conviction relief. The statute of limitations on Petitioner's federal habeas petition would have begun to run on October 2, 2004, and expired on or about, at the latest, October 1, 2005, absent tolling based on a properly filed state action for post-conviction relief.

The statute of limitations was tolled on or about September 6, 2004, when Petitioner filed an action that the state trial court construed as one seeking state post-conviction relief.  That matter arguably tolled the statute of limitations until June 29, 2007, when the time expired for seeking review of the trial and appellate courts' denial of relief in that matter. The statute of limitations would have begun to run on June 30, 2007, and expired on June 29, 2008.

The statute of imitations would definitely have run for four months, until November 2, 2007, when Petitioner filed another petition for post-conviction relief in the state trial

court—if this were a "properly filed" action, it would have again tolled the statute of limitations. However, this action was not a "properly-filed" state action for post-conviction relief; the trial court dismissed the proceeding because the petition was untimely and Arizona law precluded the claims. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005); Allen v. Siebert, 552 U.S. 3, 5-7, 128 S. Ct. 2 (2007) (holding that the Pace rule applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter"); Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling").

Additionally, even allowing that any state court actions filed prior to December 9, 2008, tolled the statute of limitations, from at least December 9, 2008, when the Arizona Court of Appeals summarily dismissed Petitioner's latest petition for review of a trial court decision denying post-conviction relief, until May 27, 2010, a period of more than a year, Petitioner had no action pending in the state courts which would have tolled the statute of limitations on his federal habeas action. Any action filed after the statute of limitations expired could not and did not re-start the statute of limitations on Petitioner's federal habeas action. See, e.g., Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.  See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418, 125 S. Ct. at 1814-15.  See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009).  In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance."  Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011;

<u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction.  <u>See Lee v. Lampert</u>, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted.  <u>See</u>, <u>e.g.</u>, <u>Waldron-Ramsey</u>, 556 F.3d at 1011; <u>Jones v. Hulick</u>, 449 F.3d 784, 789 (7th Cir. 2006); <u>Stead v. Head</u>, 219 F.2d 1298, 1300 (11th Cir. 2000).  Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." <u>Porter</u>, 620 F.3d at 959.  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  <u>See</u>, <u>e.g.</u>, <u>Porter</u>, 620 F.3d at 959; <u>Espinoza Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2004); <u>Gaston</u>, 417 F.3d at 1034.

Petitioner has not filed a reply to the answer to his petition alleging any basis for equitable tolling of the statute of limitations.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations.  <u>Compare Holland</u>, 130 S. Ct. at 2564; <u>Porter</u>, 620 F.3d at 961 (noting the circumstances of cases determined before and after <u>Holland</u>).  A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not

constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), with Bills, 628 F.3d at 1098. However, the vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has failed to make such a showing.

**II Conclusion**

Petitioner did not file his habeas petition within one year of the date his state conviction became final, absent tolling of the statute of limitations during the times Petitioner had a properly filed state action for post-conviction relief pending in the state courts. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED that** Mr. Rogel's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation

of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 8th day of July, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-13-