WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Ruiz Rogel,<br><br>      Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>      Respondents. | No. CV-12-02731-PHX-GMS<br><br>**ORDER** |

  Pending before the Court are Petitioner Richard Ruiz Rogel's Petition for Writ of Habeas Corpus, (Doc. 1), and United States Magistrate Judge Mark E. Aspey's Report and Recommendation ("R & R"), (Doc. 14). The R & R recommends that the Court deny the Petition. (Doc. 14 at 12.) Rogel filed a timely objection to the R & R. (Doc. 15.) Thus, the Court will make a de novo determination of those portions of the R & R to which an objection is made. 28 U.S.C. § 636(b)(1); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court adopts the R & R of Magistrate Aspey and denies the Petition with prejudice.

## BACKGROUND

  On March 29, 2001, a grand jury indicted Petitioner Richard Ruiz Rogel on three felony counts related to the abuse and death of his toddler son. (Doc. 12, Ex. A.) On April 11, 2002, a jury convicted Rogel of second-degree murder and child abuse. (*Id.*, Ex. T.) The Arizona Court of Appeals affirmed the conviction on February 3, 2004, and Rogel did not appeal to the Arizona Supreme Court. (*Id.*, Ex. JJ.)

1   Rogel filed numerous petitions for post-conviction relief under Rule 32, Arizona
2   Rules of Criminal Procedure. The R & R sets forth a more detailed factual and procedural
3   background of this case, to which neither party objected. Accordingly, the Court adopts
4   this background as an accurate recital. The R & R provides the dates for all Rogel's
5   various petitions for post-conviction relief and the appeals that followed.

6   Significantly, after the Arizona Court of Appeals denied review on a rejected
7   petition on December 9, 2008, Rogel did not file another petition until June 2, 2010. (*Id.*,
8   Exs. ZZ, AAA, DDD.) Five days later, the trial court dismissed that petition as being
9   untimely, (*Id.*, Ex. EEE), and Rogel did not file another petition until January 20, 2011,
10  (*Id.*, Ex. FFF). Rogel filed this habeas petition on December 27, 2012. (Doc. 1.)

11  In this § 2254 action, Rogel asserts three different grounds for relief. (*Id.* at 15–
12  17.) Magistrate Aspey recommended that the Petition be dismissed because the Petition is
13  time-barred. (Doc. 14 at 11–12.) In his response, Rogel argues that the statute of
14  limitations does not apply. (Doc. 15.)

15  **DISCUSSION**

16  **I.   STANDARD OF REVIEW**

17  This Court "may accept, reject, or modify, in whole or in part, the findings or
18  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). It is
19  "clear that the district judge must review the magistrate judge's findings and
20  recommendations de novo *if objection is made*, but not otherwise." *United States v.*
21  *Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).
22  District courts are not required to conduct "any review at all . . . of any issue that is not
23  the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

24  The writ of habeas corpus affords relief to persons in custody in violation of the
25  Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006).
26  Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective
27  Death Penalty Act of 1996 ("AEDPA"). *Id.* § 2244 *et seq.*

28  Under AEDPA, the Court may not grant habeas relief unless it concludes that the

state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* § 2254(d)(1)–(2).

## II.  STATUTE OF LIMITATIONS

Under AEDPA, a habeas corpus petition must be filed within a one-year period of limitation. *Id.* § 2244(d)(1). The limitation period generally begins to run when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Where applicable, the limitation period can begin later, on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).  The one-year period is tolled whenever there is "a properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2).

In this case the period of limitations began to run at the conclusion of the direct review of the case. Rogel generally argues the discovery of new material facts but he does not describe what they are or show that he could not have discovered them earlier through the exercise of due diligence. Rogel's specific claims are for ineffective assistance of counsel and are factually predicated on conduct that was apparent at the time of trial. To the extent that Rogel's claim of newly discovered evidence can be read as an argument for a later start date under § 2244(d)(1)(D), that argument is rejected.

Rogel's habeas petition was filed after the statute of limitations had run. Rogel's direct review of his case ended at the Arizona Court of Appeals on February 3, 2004. The period of limitations began to run after time expired for his opportunity to appeal to the Arizona Supreme Court. Rogel did not file his habeas petition until more than eight years later on December 27, 2012. While the period of limitation was tolled during the pendency of Rogel's various petitions for post-conviction relief, there was more than a year in which no petition was pending. From December 9, 2008, until June 2, 2010, there

- 3 -

were no petitions filed or pending. The petition filed in June was quickly dismissed as being untimely and another petition was not filed until January 20, 2011. Even if the untimely petition from June 2010 could be considered "a properly filed application," there were still more than two years between December 2008 and January 2011 during which the one-year period of limitations ran without being tolled.

Rogel's petition is not exempted from the statute of limitation. The R & R concludes that equitable tolling is not appropriate and Rogel makes no objection to that recommendation. Instead, Rogel argues that the statute of limitations under AEDPA does not apply because Arizona Rule 32 governing post-conviction relief allows for successive and untimely proceedings. (Doc. 15 at 1.) But the permissibility or timeliness of Rogel's various post-conviction petitions is not relevant because more than one year passed in which there were no pending petitions, timely or not. The AEDPA period of limitation begins to run at the end of direct review. While it is tolled during the pendency of post-conviction review, it does not restart with each new petition.

## CONCLUSION

Because Rogel filed his habeas petition beyond the AEDPA limitations period even after statutory tolling, and because he is not entitled to equitable tolling, his federal habeas petition is barred.

**IT IS THEREFORE ORDERED** that Magistrate Judge Mark E. Aspey's Report and Recommendation, (Doc. 14), is **ADOPTED**.

**IS FURTHER ORDERED** that Richard Ruiz Rogel's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 1st day of October, 2013.

/G. Murray Snow
United States District Judge